**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PARSHOTAM SINGH CHAHIL,

*Plaintiff-Appellant,*

v.

DANIEL R. GLICKMAN,
SECRETARY OF THE DEPARTMENT OF
AGRICULTURE,

*Defendant-Appellee.*

No. 01-1208

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Catherine C. Blake, District Judge.
(CA-99-3510-CCB)

Submitted: October 31, 2001

Decided: November 28, 2001

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Gary T. Brown, BROWN & SHERMAN, L.L.P., Washington, D.C.
for Appellant. Stephen M. Schenning, United States Attorney, Allen
F. Loucks, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellant Parshotam Chahil appeals from a district court order granting summary judgment to his employer, the Secretary of the United States Department of Agriculture (the "Agency"), and dismissing Chahil's complaint alleging unlawful employment discrimination. Chahil raises five issues on appeal: (1) whether the district court abused its discretion by granting summary judgment on the Agency's motion before Chahil pursued discovery pursuant to Fed. R. Civ. P. 56(f); (2) whether the district court erred in finding Chahil not qualified for the GS-12 Mathematical Statistician position; (3) whether the district court erred in holding that the Agency's proffered reason for failure to promote was not pretextual; (4) whether the district court erred in finding that Chahil did not establish a claim of retaliation; and (5) whether the Agency provided reasonable accommodation for Chahil's disability. Finding no reversible error, we affirm.

Parshotam Chahil, who has a Ph.D. in statistics, worked for the Human Nutrition Information Service, an agency of the United States Department of Agriculture (USDA), from 1984 to 1994, when the agency was disbanded. Chahil transferred to the Food Surveys Research Group (FSRG) of the Agricultural Research Service Agency, an agency of the USDA, where he is presently employed. At all times, Chahil has been a GS-11 mathematical statistician. In 1985, Chahil developed a severe cornea problem, which required numerous surgeries in both eyes, and glaucoma. These maladies rendered Chahil legally blind and unable to read without using a magnifying device. Chahil is sixty-two years old. His country of national origin is India.

In June 1995, Chahil requested $21,622 worth of new computer equipment which would enable him to read and to perform his duties. The Agency approved this request, and the new equipment was ordered and installed. Because Chahil experienced problems with the

new system, the Agency spent an additional $4400 on equipment and $2700 on training. Although Chahil still experienced problems with his workstation's ability to interact with the Agency's system, the system was found to be "working perfectly concerning the adaptive equipment" by a technician hired to correct the problems.

On February 19, 1997, Chahil requested a promotion to a GS-12 mathematical statistician position. His supervisor, Katherine Tippett, scheduled a mid-term evaluation conference in conjunction with this request on February 28, 1997, but the evaluation conference was postponed twice, due to external circumstances, until April 23, 1997. Chahil filed an informal complaint with the Equal Employment Office ("EEO") of the USDA in March 1997. At the performance review, Tippett rated Chahil's ability to perform the GS-12 position and found his skills inadequate to perform at the higher level required by that position.

On August 12, 1999, the EEO found no discrimination and issued a right to sue letter. Chahil brought suit in district court asserting his claims of discrimination. The district court granted the Agency's motion for summary judgment. Chahil timely appealed.

After considering the parties' briefs and joint appendix, we affirm for the reasons stated in the district court's thorough opinion. *See Chahil v. Glickman*, No. CA-99-3510-CCB (D. Md. Dec. 21, 2000). We reject Chahil's assertion that the district court abused its discretion in denying his motion for discovery pursuant to Fed. R. Civ. P. 56(f). The district court also properly found that Chahil could not demonstrate the elements of a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). After the Agency gave a legitimate, non-discriminatory reason for his actions, Chahil bore the burden of showing that the reason was a pretext for illegal discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). The district court properly found Chahil's personal speculations, standing alone, were insufficient to satisfy this burden. *See Evan v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 960-61 (4th Cir. 1996). The district court also properly found that the Agency reasonably accommodated Chahil's disability through the purchase of the equipment he requested and the enhancement of that equipment with additional equipment and train-

ing. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.

*AFFIRMED*